**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Defendant
ACQUISITION MEDIA, LLC

**HRL**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**5059**

| | |
|---|---|
| **JOEL FINK**, an individual; **GEORGE MORELAND**, an individual; and **DANIEL D. BARRET**, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> **ACQUISITION MEDIA, LLC**, a limited liability company d/b/a 100DayLoans.com; and **DOES 1-100**, <br><br> Defendants. | Case No. <br> [Santa Clara County Superior Court Case No. 112CV229757] <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) AND JURY DEMAND** <br><br> **(DIVERSITY)** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*KRONENBERGER ROSENFELD*
150 Post Street, Suite 520, San Francisco, CA 94108

Case No.

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1441, Defendant Acquisition

3   Media, LLC ("Acquisition"), gives notice of its removal of the within action to the United

4   States District Court for the Northern District of California, from the Superior Court of the

5   State of California, in and for the County of Santa Clara entitled *Fink, et al. v. Acquisition*

6   *Media, LLC, et al.* as Case No. 112CV229757.

7       1.      On August 3, 2012, an action was commenced in the Superior Court of the

8   State of California, in and for the County of Santa Clara, entitled *Fink, et al. v. Acquisition*

9   *Media, LLC, et al.* as Case No. 112CV229757.   A copy of the complaint is attached

10  hereto as **Exhibit A**.   A copy of the summons is attached hereto as **Exhibit B**.

11      2.      Pursuant to 28 U.S.C. §1446(a), attached as **Exhibit C** are true and correct

12  copies of all other process, pleadings, orders, and other materials served on Acquisition

13  in the state court action.

14      3.      Service of the complaint and summons in the state court action was

15  complete on August 30, 2012.  (*See* Declaration of Matthew M. Thomson in support of

16  Notice of Removal of Action ("Thomson Decl.") ¶2, Ex. A.)   Removal is timely filed

17  pursuant to 28 U.S. §1446(b).

18      4.      This is a civil action of which the Court has original jurisdiction under 28

19  U.S.C. §1332, and is one which may be removed to this Court by Acquisition pursuant to

20  the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different

21  states and the matter in controversy exceeds the sum of $75,000, exclusive of interests

22  and costs.

23      5.      The amount in controversy exceeds the sum of $75,000, because in their

24  complaint, Plaintiffs seek damages of $229,000—*i.e.* $1,000 for each of the 229 emails

25  alleged in the complaint.  (Complaint ("Compl.") at 12:10-12.)

26      6.      Complete diversity of citizenship exists in that Plaintiffs Joel Fink, George

27  Moreland, and Daniel D. Barret are citizens of the State of California (Compl. ¶¶6, 10, 14)

28  and Acquisition, the only defendant sued under a non-fictitious name, is a Delaware

1  limited liability company, having its principal place of business in the State of Arizona.

2  (Thomson Decl. ¶3, Ex. B).  Acquisition is not, and was not at any relevant time, a citizen

3  of the State of California.  (*Id*.)  Acquisition's citizenship has remained the same since the

4  state court action was filed.

5        7.     Although the Complaint names DOES 1-100 as defendants, pursuant to 28

6  U.S.C. §1441(b)(1), the citizenship of these defendants must be disregarded.

7        8.     Removal to this Court is proper because the Superior Court of California,

8  County of Santa Clara is located within this district.

9        9.     Acquisition certifies that it will file a copy of this notice with the Clerk of the

10  Superior Court of California, County of Santa Clara, and will give notice of the same to

11  counsel for Plaintiffs.

12  <center>**INTRADISTRICT ASSIGNMENT**</center>

13        10.    This action should be assigned to either the San Francisco or Oakland

14  Courthouse because, on information and belief, a substantial part of the events or

15  omissions which gave rise to the claims occurred in Marin County, California.

16

17

18  Respectfully submitted,

19  DATED: September 28, 2012           **KRONENBERGER ROSENFELD, LLP**

20                           By: _____

21                                Jeffrey M. Rosenfeld

22                          Attorneys for Defendant

23

24

25

26

27

28

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

Case No.               3        **NOTICE OF REMOVAL OF ACTION AND JURY DEMAND**

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendant Acquisition Media, LLC demands that this matter be tried to a jury of the maximum number permitted by law, on all issues so triable.


Respectfully submitted,

DATED:  September 28, 2012

KRONENBERGER ROSENFELD, LLP

By: _____

    Jeffrey M. Rosenfeld

Attorneys for Defendant

**NOTICE OF REMOVAL OF ACTION AND JURY DEMAND**

Exhibit A

1 Timothy J. Walton (State Bar No. 184292)
  LAW OFFICES OF TIMOTHY WALTON
2 9515 Soquel Drive Suite #207
  Aptos, CA 95003
3
4 Phone: (831) 685-9800
  Fax: (650) 618-8687
5
  *Attorneys for Plaintiffs*
6 JOEL FINK, GEORGE MORELAND,
   and DANIEL D. BARRET
7
8
9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       COUNTY OF SANTA CLARA (UNLIMITED JURISDICTION)

11 JOEL FINK, an individual,                    Case No. 1 1 2 C V 2 2 9 7 5 7
   GEORGE MORELAND, an individual, and
12 DANIEL D. BARRET, an individual,
                                                VERIFIED COMPLAINT FOR
13                                              DAMAGES, INJUNCTIVE RELIEF,
                                                AND DECLARATORY RELIEF FOR
14
                Plaintiffs,                     1.  VIOLATIONS OF CALIFORNIA
15                                                  RESTRICTIONS ON UNSOLICITED
        vs.                                         COMMERCIAL E-MAIL
16                                                  ADVERTISERS (Cal. Bus. & Prof.
   ACQUISITION MEDIA, LLC,  a limited               Code § 17529.5)
17 liability company doing business as
   100DayLoans.com, and
18 DOES 1 – 100,

19
                Defendant.
20

21 COMES NOW PLAINTIFFS JOEL FINK, GEORGE MORELAND, and DANIEL D. BARRET,

22 and file this Verified Complaint for causes of action against Defendants Acquisition Media, LLC,

23 a business entity of unknown organization doing business as 100DayLoans.com, and DOES 1

24 through 100, inclusive, and alleges as follows:

25

26

27

28



LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

# I. SUMMARY OF THE COMPLAINT

1.     Plaintiffs JOEL FINK, GEORGE MORELAND, and DANIEL D. BARRET ("Plaintiffs") bring this action against Defendants for sending and advertising in at least Two Hundred Twenty-Nine (229) unlawful Unsolicited Commercial Email ("UCE" or "spams") messages sent to Plaintiffs since October 18, 2011, inclusive.

2.     The spams are email advertising in violation of Cal. Bus. & Prof. Code § 17529 *et seq.*

3.     The headers of the spams contain or are accompanied by numerous elements of falsified and misrepresented header information, in violation of Cal. Bus. & Prof. Code § 17529.5.

4.     This Court should award actual damages and statutory damages of $1,000 per spam, as provided by Cal. Bus. & Prof. Code § 17529 *et seq.*, and not consider any reduction, because Defendants failed to implement reasonably effective systems designed to prevent the sending of unlawful spam in violation of the statute.

5.     Plaintiffs are informed and believe and thereon allege that Defendants' actions in sending unlawful spams were knowing, willful, and blatant, and *not* "clerical" mistakes.

# II. PARTIES

A. **Plaintiff JOEL FINK**

6.     Plaintiff JOEL FINK ("FINK") is now, and at all times relevant herein has been, an individual residing in the State of California.

7.     Plaintiff FINK owns and at all relevant times herein owned a computer with an Internet connection.

8.     Plaintiff FINK ordinarily uses this computer to access his email accounts. This computer is located in the State of California.

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650)618-8687

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

9.      Plaintiff FINK received One Hundred Thirty-Five (135) of the spams over his Internet Service Provider's equipment and email service provider's equipment, all located in the State of California.

**B. GEORGE MORELAND**

10.     Plaintiff GEORGE MORELAND ("MORELAND") is now, and at all times relevant herein has been, an individual residing in Santa Clara County, in the State of California.

11.     Plaintiff MORELAND owns and at all relevant times herein owned a computer with an Internet connection.

12.     Plaintiff MORELAND ordinarily uses this computer to access his email accounts. This computer is located in Santa Clara County, in the State of California.

13.     Plaintiff MORELAND received Thirty-Six (36) of the spams over his Internet Service Provider's equipment and email service provider's equipment, all located in the State of California.

**C. DANIEL D. BARRET**

14.     Plaintiff DANIEL D. BARRET ("BARRET") is now, and at all times relevant herein has been, an individual residing in the State of California.

15.     Plaintiff BARRET owns and at all relevant times herein owned a computer with an Internet connection.

16.     Plaintiff BARRET ordinarily uses this computer to access his email accounts. This computer is located in the State of California.

17.     Plaintiff BARRET received Fifty-Eight (58) of the spams over his Internet Service Provider's equipment and email service provider's equipment, all located in the State of California.

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

## D. **ACQUISITION MEDIA, LLC**

18.     Plaintiffs are informed and believes and thereon allege that Defendant ACQUISITION MEDIA, LLC, ("ACQUISITION") was at all times relevant herein, a limited liability company with a principal place of business in Scottsdale, Arizona.

19.     Plaintiffs are informed and believe and thereon allege that ACQUISITION does business as 100DAYLOANS.COM.

20.     Plaintiffs are informed and believe and thereon allege that Defendant ACQUISITION is responsible for advertising in at least Two Hundred Twenty-Nine (229) spams.

## D. **DOE Defendants**

21.     Plaintiffs do not know the true names or legal capacities of the Defendants designated herein as DOES 1 through 100, inclusive, and therefore sue said Defendants under the fictitious name of "DOE".

22.     Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the matters alleged in this complaint, and is legally responsible in some manner for causing the injuries and damages of which Plaintiffs complain.

23.     Plaintiffs are informed and believes and thereon allege that each of the Defendants designated herein as a DOE Defendant was, at all times relevant to the matters alleged within this complaint, acting in conjunction with ACQUISITION, whether as a director, officer, employee, agent, customer, participant or co-conspirator.

24.     When the identities of DOE Defendants 1-100 are discovered, or otherwise made available, Plaintiffs will seek to amend this Complaint to allege their identity and involvement with particularity.

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE: (831) 685-9800 • FAX (650) 618-8687

25.     Plaintiffs allege that all Defendants are jointly and severally liable for all injuries and damages of which Plaintiffs complain.

### III.  TWO HUNDRED TWENTY-NINE (229) UNLAWFUL SPAMS

26.     Since October 18, 2011, inclusive, Defendants sent and/or advertised in at least Two Hundred Twenty-Nine (229) unsolicited commercial email ("UCE" or "spam") advertisements to Plaintiffs.

> "Commercial e-mail advertisement" means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit.

Cal. Bus. & Prof. Code § 17529.1(c).

27.     Defendants sent and/or advertised in all of the spam emails sent to Plaintiffs at issue in this action.

28.     Defendants used misleading subject lines in the email headers.

29.     Defendants used misleading sender names in the email headers.

### III.  SPECIFIC ALLEGATIONS

**A.   Plaintiffs' Email Usage**

30.     Plaintiffs' email addresses at which Plaintiffs received the spams at issue in this action are California email addresses.

> "California e-mail address" means 1) An e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address to a mailing address in this state; 2) An e-mail address ordinarily accessed from a computer located in this state; 3) An e-mail address furnished to a resident of this state.

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650) 618-8687

Cal. Bus. & Prof. Code § 17529.1(b). Two of three conditions apply: Plaintiffs ordinarily access their email addresses from computers located in California; and Plaintiffs are residents of California. In addition, MORELAND and FINK satisfy the first condition.

31.     Plaintiffs' email addresses play no part in determining whether or not the emails have falsified, misrepresentative, or otherwise deceptive information contained in or accompanying the email headers or bodies.

32.     Plaintiffs' email addresses are confidential for numerous reasons, including, but not limited to, avoiding the risk of retaliation by "mail bombing" (sending massive amounts of email to Plaintiffs' email addresses), "joe jobbing" (sending unlawful email using Plaintiffs' email addresses in the "From" field as a means of harassment), or sharing of Plaintiffs' email addresses with other unknown parties who might in turn send spam or mail bombs to Plaintiffs or as if from Plaintiffs.

33.     Plaintiffs use filters to attempt to block spam.

**B. Defendants' Computer and Email Usage**

34.     Plaintiffs are informed and believe and thereon allege that Defendants intended to deceive recipients of their spam messages through the use of falsified and/or misrepresented information contained in or accompanying the email headers, as described herein.

35.     Plaintiffs are informed and believe and thereon allege that Defendants went to great lengths to falsify the information contained in and accompanying the email headers in order to deceive recipients and spam filters.

36.     Plaintiffs are informed and believe and thereon allege that for every spam they received, Defendants sent thousands or even millions of emails to other California residents.

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

37.     Plaintiffs are informed and believe and thereon allege that Defendants actually profited, and continue to profit, and were unjustly enriched by their wrongful conduct.

**C.  <u>Plaintiffs Never Gave Any Defendent Direct Consent to Send Them Commercial Email</u>**

38.     The commercial email advertisements at issue in this action are all unsolicited because Plaintiffs did not provide direct consent to receive advertisements from Defendants, nor did Plaintiffs have any preexisting or current business relationship with any of the Defendants.  Cal. Bus. & Prof. Code § 17529.1(c), (o), (d), (a), (l).

**D. <u>Defendants Sent Spam</u>**

39.     Plaintiffs allege that Defendants engaged in deceptive actions by initiating (as defined by Cal. Bus. & Prof. Code § 17529.1(i)) or sending at least Two Hundred Twenty-Nine (229) unlawful spams since October 18, 2011.

40.     Defendant ACQUISITION in this action is an advertiser because it is an entity that advertises through the use of commercial e-mail advertisements.  Advertisers are liable for advertising in the spams.

> The true beneficiaries of spam are the advertisers who benefit from the marketing derived from the advertisements.

> There is a need to regulate the advertisers who use spam, as well as the actual spammers, because the actual spammers can be difficult to track down due to some return addresses that show up on the display as "unknown" and many others being obvious fakes and they are often located offshore.

Cal. Bus. & Prof. Code § 17529(k), (j).

41.     Plaintiffs are informed and believe and thereon allege that all Defendants cooperated in the transmission of unlawful spams.

42.     Plaintiffs are informed and believe and thereon allege that no Defendant was required to employ any other Defendant for the actions described in this complaint.

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650) 618-8687

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650) 618-8687

### E. Damages

43.     Plaintiffs suffered damages as the result of the spams.

44.     Plaintiffs, who cannot refuse to accept such mail, incur costs for the storage of such mail, and for the time spent accessing, reviewing, and discarding such mail. The harmful effects of email spam were acknowledged by the Ninth Circuit in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1057 (9th Cir. 2009).

45.     The California Legislature defined liquidated damages to be $1,000 per spam. This figure is comparable with damages in other areas of consumer protection law, e.g., $500-$1,500 statutory damages per junk fax, 47 U.S.C. § 227(b)(3).   Plaintiffs' rightful and lawful assertion of the California Legislature's liquidated damages amount of $1,000 per email is necessary to further the Legislature's objective of protecting California residents from unlawful spam.

46.     Plaintiffs were also injured by Defendants' violation of Plaintiffs' right to not receive deceptive advertising that violates laws such as the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and CAN-SPAM, though Plaintiffs lack standing under those laws to enforce such right.

47.     Plaintiffs suffered damages as a result of Defendants' wrongful conduct.   Plaintiffs were damaged by each unlawful spam when Plaintiffs received each unlawful spam, in the State of California, to their California email addresses.

### F. Unlawful Content Contained In or Accompanying Email Headers

48.     Plaintiffs are informed and believe and thereon allege that an email "header" includes the Sender Name, Sender Email Address (including domain name) and any other information purporting to identify the person initiating the message, Subject Line, Recipient Name and

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

Recipient Email Address, sending Internet Protocol address, and Date/Time stamp, as well as other routing information.

49.     Plaintiffs are informed and believe and thereon allege that Defendants' spams included multiple elements of falsified, misrepresented, and/or forged information contained in or accompanying the email headers.

50.     A commercial email advertisement is unlawful if it "contains or is accompanied by falsified, misrepresented, or forged header information."  Cal. Bus. & Prof. Code § 17529.5(a)(2).

51.     Plaintiffs are informed and believe and thereon allege that the falsified and/or misrepresented content in the spams at issue in this action constitute *material* falsity and deception, and represent *willful* and *deliberate* acts, *not* mere "clerical" mistakes.

### *1. Misleading Subject Lines*

52.     California law prohibits email Subject Lines that are likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.  Cal. Bus. & Prof. Code § 17529.5(a)(3).

53.     At least some of the Defendants' spam advertisements contain subject lines that are materially deceptive.

54.     For example, the subject line "Re: $1500 deposit in yôur account today ➤➤➤ November 8, 2011!" is misleading because 100dayloans.com only offers a maximum loan of $1000.00, and not even that much for new customers.

55.     In another example, the subject line "gemartz: You've received upto *(sic)* $1000 Cash deposited - Participation required!" is misleading because Plaintiff has not received anything from Defendants, other than their unsolicited advertisements.

**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF**

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

56.    In a third example, the subject line "Your financial worries are now solved!" is misleading because nothing about Defendants UCE has solved Plaintiff's financial worries.

### 2. *Misrepresented Sender Names*

57.    At least some of the Defendants' spam advertisements contain sender names and email addresses that fail to identify any Defendant in the Sender Name field.

58.    For example, the sender name "➤➤ CONGRATULATIONS!!!" does not identify any Defendant, and the sender email address "fast.approval.fhauo@webcleanworld.net" does not resolve to a domain that is readily traceable to any Defendant.

59.    In another example, the sender name "Urgent Notification" does not identify any Defendant, and the sender email address "akhk@esta.compilenet.net" does not resolve to a domain that is readily traceable to any Defendant.

60.    In a third example, the sender name" Office Manager" does not identify any Defendant, and the sender email address "office@deepdu.info" does not resolve to a domain that is readily traceable to any Defendant.

61.    Plaintiffs are informed and believe and thereon allege that Defendants chose to display sensational phrases like the ones above instead of their legitimate identities in the "From" field, not only to further disguise their identities, but also to entice recipients into opening their spam, reading their advertisements, and ultimately making a purchase.

### 3. *Private Registration*

62.    Plaintiffs are informed and believe and thereon allege that Defendants used email addresses at domain names that did not identify them. For example: the email domain webcleanworld.net" is not readily traceable to any Defendant.

**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF**

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650) 618-8687

63.     Plaintiffs are informed and believe and thereon allege that one or more Defendants sent some of the spam using email addresses at domains that are privately registered through domain proxy services.

64.     Plaintiffs are informed and believe and thereon allege that one or more Defendants sent some of the spam using email addresses at domains that are privately registered through domain privacy services.

65.     Plaintiffs are informed and believe and thereon allege that one or more of Defendants registered domain names using identity protection services precisely so that recipients of their spam could not identify the registrant.

## FIRST CAUSE OF ACTION
**[Violations of California Restrictions on Unsolicited Commercial Email Advertisers, California Business and Professions Code § 17529.5]**
**(Against All Defendants)**

66.     Plaintiffs hereby incorporate by reference Paragraphs 1 to 65, inclusive, as if the same were fully set forth herein.

67.     Defendants sent, or caused to be sent, or advertised in, unsolicited commercial emails to California electronic mail addresses, including at least Two Hundred Twenty-Nine (229) to Plaintiffs, containing or accompanied by falsified and/or misrepresentative header information, including:

- Misleading Subject Lines
- Misrepresented Sender Names and email addresses
- Private Registration

68.     Plaintiffs suffered damages as a result of Defendants' wrongful conduct.

69.     The California Legislature has set liquidated damages at One Thousand Dollars ($1,000) per email.

70.     Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by statute.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF
### (Against All Defendants)

A. Liquidated damages in the amount of One Thousand Dollars ($1,000) for each of Two Hundred Twenty-Nine (229) spams, as authorized by Cal. Bus. & Prof.  Code § 17529.5(b)(1)(B)(ii);

B. Attorneys' fees as allowed by law (Cal. Bus. & Prof. Code § 17529(b)(2));

C. Costs of suit; and

D. Such other and further relief as the Court deems proper.


LAW OFFICES OF TIMOTHY WALTON

Date: _7 - 3 /- / 2_____          BY: _____
                                  TIMOTHY J. WALTON
                                  Attorneys for Plaintiff

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

---

12

VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLATORY RELIEF

## VERIFICATION

The undersigned for himself declares:

I am the plaintiff in the above-entitled action. I have read the forgoing Complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: 7 - 12 - 12

JOEL FINK

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

13

## VERIFICATION

The undersigned for himself declares:

I am the plaintiff in the above-entitled action. I have read the forgoing Complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: 7-20-12

GEORGE MORELAND

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831)685-9800 • FAX (650)618-8687

## VERIFICATION

The undersigned for himself declares:

I am the plaintiff in the above-entitled action. I have read the forgoing Complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: 7/12/12

DANIEL D. BARRET

LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207 • Aptos, CA 95003
PHONE (831) 685-9800 • FAX (650) 618-8687

15

Exhibit B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



<div style="border">FOR COURT USE ONLY<br/>(SOLO PARA USO DE LA CORTE)</div>

**FILED**

2012 AUG -3 P 12: 46

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ACQUISITION MEDIA, LLC, a limited liability company doing
business as 100DayLoans.com, and DOES 1 - 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL FINK, an individual, GEORGE MORELAND, an individual, and
DANIEL D. BARRET, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br/> *(El nombre y dirección de la corte es):* Superior Court of Santa Clara County <br/> 191 North First Street San Jose, CA 95113 | CASE NUMBER: <br/> *(Número del Caso):* <br/> **1 1 2 C V 2 2 9 7 5 7** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy J. Walton, 9515 Soquel Drive Suite 202, Aptos, CA 95003



| DATE: <br/> *(Fecha):* **AUG - 3 2012** | DAVID H. YAMASAKI <br/> Chief Executive Officer/Clerk | Clerk, by <br/> *(Secretario)* _____ | , Deputy <br/> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Timothy J. Walton (State Bar No. 184292)
LAW OFFICES OF TIMOTHY WALTON
9515 Soquel Drive Suite #207
Aptos, CA 95003
TELEPHONE NO.: (831) 685-9800    FAX NO.: (650) 618-8687
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N, First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME:

CASE NAME:
Fink v. Acquisition Media, LLC, et. al.

**FOR COURT USE ONLY**
(ENDORSED)
FILED
2012 AUG -3 P 12. 45
Clerk of the Superior Court
County of Santa Clara, California
By L. Falampas

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 112CV229757 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1 - Violations of Cal. Bus. & Prof. Code § 17529.5
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 31, 2012

Timothy Walton
_____
(TYPE OR PRINT NAME)

▶ Tim Wal
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: **112Cv229757**

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the _Complaint_, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

_RULES AND FORMS:_ You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

_You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8._

---

Your Case Management Judge is: **Honorable Kevin McKenney** _____ Department: __20__

The 1st CMC is scheduled for: (Completed by Clerk of Court)
     Date: _12-11-12_ Time: **2:15 PM** in Department: __20__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
     Date: _____ Time: _____ in Department: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices  A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters: civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
Coordinator
ADR Administrator
408-882-2530

Santa Clara County DRPA
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Timothy J. Walton (State Bar No. 184292)<br>LAW OFFICES OF TIMOTHY WALTON<br>9515 Soquel Drive Suite #207<br>Aptos, CA 95003 | |

TELEPHONE NO.: (831) 685-9800   FAX NO. *(Optional)*: (650) 618-8687
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Joel Fink, et. al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Joel Fink, et al.

DEFENDANT/RESPONDENT: Acquisition Media, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>112CV229757 |
|---|---|

TO *(insert name of party being served)*: Acquisition Media, LLC c/o Akisha Burgett

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: August 14, 2012

Timothy Walton
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:

   Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet, Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov